

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

      Opinion No. G-1406
Re: Is a truck driver for a meat packing and
distributing plant required to have addi-
tional health certificates signed by phy-
sicians who live in counties in which the
driver makes deliveries of meat and meat
products?

    Your request for an opinion on the following
question has been received:

    "Is a truck driver, who lives and works
for a meat packing and distributing plant in
the city of Dallas, and who holds a health
certificate signed by a physician licensed
to practice medicine in the county of Dallas,
said health certificate being duly display-
ed in the said packing plant in Dallas, re-
quired to have additional health certificates
signed by physicians who live in counties in
which the driver makes deliveries of meat
and meat products?"

    The driver of a meat delivery truck for a
meat packing and distributing plant would fall within
the coverage of House Bill No. 142, Acts of the Forty-
sixth Legislature (Article 706c of the Texas Penal
Code) and be required to obtain a health certificate.

    The pertinent provisions of said act, which
is an amendment to Acts 1937, Forty-fifth Legisla-
ture, p. 707, ch. 356, are as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. W. Cox, page 2

"Art. 705c. Sanitary employees; physical examination and health certificate required of employees handling or dispensing food or drink.

"Section 1. No person, firm, corporation, common carrier or association operating, managing, or conducting any hotel or any other public sleeping or eating place, or any place or vehicle where food or drink or containers therefor, of any kind, is manufactured, transferred, prepared, stored, packed, served, sold, or otherwise handled in this State, or any manufacturer or vendor of candies or manufactured sweets, shall work, employ, or keep in their employ, in, on, or about any said place or vehicle, or have delivered any article therefrom, any person infected with any transmissible condition of any infectious or contagious disease, or work, or employ any person to work in, on, or about any said place, or to deliver any article therefrom, who, at the time of his or her employment, failed to deliver to the employer or his agent, a certificate signed by a legally licensed physician, residing in the county where said person is to be employed, or is employed, attesting the fact that the bearer had been actually and thoroughly examined by such physician within a week prior to the time of such employment, and that such examination disclosed the fact that such person to be employed was free from any transmissible condition of any infectious or contagious disease; or fail to institute and have made, at intervals of time not exceeding six months, actual and thorough examinations, essential to the findings of freedom from communicable and infectious diseases, of all such employees, by a legally licensed physician residing in the county where said person is employed, and secure in evidence thereof a certificate signed by such physician stating that such examinations had

Hon. Geo. W. Cox, page 3

been made of such person, disclosing the fact that he or she was free from any transmissible condition of any communicable and infectious diseases. (Underscoring ours)

"Sec. 2. Provided further that it shall be unlawful for any manufacturer or vender of candies or manufactured sweets to knowingly consign, sell, or furnish in any way candies or manufactured sweets to any person or persons for the purpose of resale at or from their private residence who does not display a complete valid health certificate issued for each member of the family or household, signed by a licensed physician authorized to practice medicine in this State, and who resides in the county where such person was examined, and who does not have a sanitary show case or place of display for the protection of such candies or manufactured sweets.

"Sec. 3. All health certificates called for by this Act shall be displayed for public inspection at the place where the person named thereon is employed, and shall not be removed from such place during the continuance of such employment except by a public health officer, his duly appointed agent, or upon valid court order. All such certificates shall bear the employee's signature, the name of the physicians executing examinations and tests, and shall describe the color of eyes, and hair, height, weight, race, sex, age, and date of issuance, and shall be valid for six months only. Public health departments, and local lawmaking bodies, are hereby authorized to establish such further rules, regulations and ordinances as they may deem essential to the execution of the intentions of this Act; providing, however, that all conditions of this Act shall be requisite to all such regulations and ordinances, except that the said authorities may

Hon. Geo. W. Cox, page 4

adopt a plan for the registration of the physicians' certificates required by this Act and in lieu thereof issue a registration card to show that the person named thereon has complied with all of the provisions of this Act; providing further that the said registration card must bear the signature of the person named thereon and shall be displayed for public inspection at the place where such a person is employed." (Underscoring ours)

The question is whether or not the driver of a meat truck would be required to obtain additional Health certificate "signed by physicians who live in counties in which the driver makes deliveries of meat and meat products" when he holds a health certificate signed by a licensed physician in the county where his employer has its place of business and the certificate is on display in the place of business.

We wish to advise that this question is answerable in the negative.

It is our opinion that the law requires only one health certificate. Your attention is called to the words:

" * * * to deliver to the employer or his agent, a certificate signed by a legally licensed physician, residing in the county where said person is to be employed, or is employed, attesting the fact that the bearer had been actually and thoroughly examined by such physician within a week prior to the time of such employment, * * * " (Sec. 1)

and ---

"All health certificates called for by this Act shall be displayed for public inspection at the place where the person named thereon is employed, and shall not be removed from such place during the continuance of such employment except by a public health

officer, his duly appointed agent, or upon
valid court order. * * * "

In opinion No. O-1138 of this Department, Hon.
Ross Carlton, Assistant Attorney General, answered
this question indirectly as follows:

" * * * The clear intention of the Legisla-
ture is to provide for all persons possessing
health certificates under the Act to display
the same at the place where they are employ-
ed. This does not mean that the employee must
carry the certificate on his person at all
times nor that he must display it at any
place other than the place of his employment.
The mode of displaying the certificate is an
incidental question of fact and authorities
directly concerned with public health are
given ample authority to enact clarifying
rules and regulations, if they are consider-
ed necessary."

The Act requires only one health certificate
and provides that it be displayed at the place of bus-
iness where the employee works. The certificate must
be signed by a licensed physician of the county where
the holder of the certificate is employed. The fact
that the employee is not stationed at the place of
business does not alter the case. The Legislature
had such a situation in mind. The law applies to
employees working on "vehicles" "where food or drink
or containers therefor of any kind, is * * * trans-
ferred, prepared, stored, packed * * * or otherwise
handled in this state * * * ". The driver of a meat
truck would come within the purview of the health cer-
tificate statute. There is no provision in this or
any other law of the state requiring additional health
certificates signed by licensed physicians in counties
of delivery. The truck driver is only an employee
of the Dallas packing plant in this case. He has
complied with the requirements of the law in the
county of his employer's residence. In the interest
of convenience, uniformity, and sound public policy,

Hon. Geo. W. Cox, page 6

the health certificate issued in one county must be
accepted by the remaining counties in the state. A
physician derives his license from the state. He may
legally practice in any county. A health certificate
issued in one county by a duly licensed physician
must be held to have validity in the remaining coun-
ties of the state in the absence of express legisla-
tive requirement that the employee of a packing house
located in one county who delivers meat or meat prod-
ucts in other counties obtain a health certificate
in every county in which he makes delivery.

Under the following provisions of Section 3
of the Act, it is our opinion that employees whose
duties are similar to those of the truck driver in
your request and who operate in several counties out
of the county in which the employer's place of busi-
ness is located may be required to carry a registra-
tion card "to show that the person named thereon has
complied with all the provisions of this Act:"

"Public health departments, and local law-
making bodies, are hereby authorized to es-
tablish such further rules, regulations and
ordinances as they may deem essential to the
execution of the intentions of this Act; pro-
viding, however, that all conditions of this
Act shall be requisite to all such regulations
and ordinances, except, that the said author-
ities may adopt a plan for the registration
of the physicians' certificates required by
this Act and in lieu thereof issue a regis-
tration card to show that the person named
thereon has complied with all the provisions
of this Act; providing further that the said
registration card must bear the signature of
the person named thereon and shall be display-
ed for public inspection at the place where
such a person is employed."

It is our opinion that a truck driver who lives
and works for a meat packing and distributing plant in
the city of Dallas, and who holds a health certificate

Hon. Geo. W. Cox, page 7

signed by a physician licensed to practice medicine in the county of Dallas, said health certificate being duly displayed in the said packing plant in Dallas, is not required under the terms of House Bill No. 142, Acts Forty-sixth Legislature (Article 705c, Vernon's Penal Code) to have additional health certificates signed by physicians who live in counties in which the driver makes deliveries of meat and meat products.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    Dick Stout
                      Dick Stout
                      Assistant

DS:ob

ENCL (Opinion O-1138)

APPROVED SEP 29, 1939.

ATTORNEY GENERAL OF TEXAS